[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON LEVY DRONEY AND VITALE'S MOTION FOR SUMMARY JUDGMENT #10 (CLAIM OF PLAINTIFF CEDERBAUM)
In this motion, defendants Levy Droney, P.C. ("Levy") and Joseph Vitale move for summary judgment on the claims made by plaintiff Eugene Cederbaum, executor of the estate of Zelda Cederbaum, a former resident of East Hill Woods, in Counts 22, 40, 41, 50, 79, 80, 93 and 110 of the Amended Revised Complaint. Zelda Cederbaum is alleged to have entered into a residence agreement with East Hill Woods on December 3, 1993 (Amended Revised Complaint, p. 36.)
Prior Dispositions
Summary judgment has been granted previously in favor of Levy and in favor of Vitale in his capacity as legal counsel to East Hill Woods but not in his capacity as an officer and trustee of East Hill Woods as follows:
Count 22 (Ruling on Motion for Summary Judgment #2)
 Count 40 (Ruling on Motions for Summary Judgment #3 and #5) (execution claims only)
Count 50 (Ruling on Motion for Summary Judgment #1)
Count 79 (Ruling on Motion for Summary Judgment #1)
Count 80 (Ruling on Motion for Summary Judgment #1)
 Count 93 (Ruling on Motion for Summary Judgment #4) (execution claims only)
 Count 110 (Ruling on Motion for Summary Judgment #4) (execution claims only)
Standard of review and procedural history
The court adopts the statement of the standard of review and the explanation of the procedural history of the case set forth in its ruling on Levy's and Vitale's Motion for Summary Judgment #1.
Count 41, 93 and 110
In these counts plaintiff Cederbaum alleges that the movants intentionally misrepresented or aided East Hill Woods in CT Page 12908 misrepresenting the financial condition of East Hill Woods in the documents on which Zelda Cederbaum relied in executing her residence agreement and in documents she relied on thereafter. The movants seek summary judgment on the ground that Cederbaum cannot prove reliance on the disclosures received before execution of the agreement and did not receive any representations on which a claim for post-execution claims of misrepresentation could be based.
On the issue of reliance for execution, the facts are definitely in dispute. Mr. Cederbaum, who examined the disclosure statement on his mother's behalf when she was deciding whether to enter East Hill Woods, testified at his deposition that he reviewed the disclosure and relied on it and on clarifications of the disclosure supplied by Bruce Cannon, a member of East Hill Woods' administration. (Dep. Cederbaum, p. 120). The movants characterize this testimony as establishing that this plaintiff did not rely on the disclosures but only on whatever statements Bruce Cannon may have made when asked for a clarification. In effect, the movants ask this court to decide the facts concerning reliance, an undertaking not permitted in ruling on a motion for summary judgment. The submissions establish only that there is some evidence of reliance and that the determination whether that evidence satisfies the burden of proof will be for the trier of fact.
With regard to claims of post-execution misrepresentations, the movants direct the court's attention to this plaintiff's representation, in his response to interrogatory FCG #11 that he never received any disclosure statement after execution. The plaintiff has offered no observations in his brief with regard to post-execution misrepresentations, and he has not cited any document that indicates that the facts are in dispute as to this issue. The undisputed fact therefore seems to be that this plaintiff did not receive and therefore could not have relied on post-execution representations. The movants are therefore entitled to summary judgment in these counts with regard to post-execution representations.
The movants raise as an additional ground the claim that they did not substantially assist East Hill Woods in preparing the disclosure statement on which Cederbaum alleges she relied. They have not presented affidavits or other documents to establish what the facts are concerning their involvement, and they do not discharge their burden of showing what the facts are in this CT Page 12909 regard merely by showing that two deponent do not know those facts.
Claims against Vitale as officer and trustee
Vitale has not demonstrated in connection with this motion what his actions were as an officer and trustee of East Hill Woods. Since it is his burden to show what the facts are and that the undisputed facts entitle him to judgment as a matter of law, this motion for summary judgment is denied as to Vitale in those capacities.
Conclusion
Summary judgment has previously been granted in favor of Levy and in favor of Vitale as legal counsel as to Counts 22, 40 (execution claims only) 50, 79 and 80, 93 (execution claims only) and 110 (execution claims only) and denied as to Vitale as a trustee and officer.
The motion is denied as to the execution claims in Counts 41, 93 and 110 and granted as to the post-execution claims made in these counts and in Count 40 as to Levy and as to Vitale in all his capacities.
Beverly J. Hodgson Judge of the Superior Court